NO. 07-00-0434-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MARCH 6, 2002



______________________________




CLIFTON RAY HAMMONDS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 338TH DISTRICT COURT OF HARRIS COUNTY;



NO. 839831; HONORABLE ELSA ALCALA, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and JOHNSON, JJ.

 Appellant Clifton Ray Hammonds appeals from his conviction for Possession of a
Controlled Substance and punishment of confinement of 25 years. We affirm.

 A Harris County grand jury indicted appellant in cause number 839831 for the 338th
District Court of Harris County, Texas, for possession of cocaine, a controlled substance,
in an amount of more than one gram and less than four grams by aggregate weight,
including any adulterants and dilutants. The charge was enhanced by allegations of two
prior felony convictions. Appellant entered a plea of not guilty. Appellant was tried and
convicted by a jury. The court granted the appellant's oral motion to withdraw a previously
filed Motion to Elect Jury to Assess Punishment. On July 19, 2000, the court assessed
punishment at 25 years confinement in the Texas Department of Criminal Justice,
Institutional Division. Appellant filed notice of appeal on July 19, 2000.

 Appellant's appointed appellate counsel has filed a Motion to Withdraw and a Brief
in Support thereof. In support of the motion to withdraw, counsel has certified that, in
compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), the record has been diligently reviewed and that in the opinion of counsel, the
record reflects no reversible error or grounds upon which an arguably meritorious appeal
can be predicated. Counsel thus concludes that the appeal is without merit. 

 Appellate counsel's brief reflects a conscientious, detailed review of the record and
trial proceedings. Counsel has noted, as have we, that pretrial motions were filed and
rulings obtained by trial counsel and trial counsel lodged timely objections to certain
evidence during trial. Appellate counsel has reviewed, in his brief, trial counsel's conduct
of the trial in some detail. 

 Exhibits to the brief show that a copy of the Anders brief and Motion to Withdraw
have been forwarded to appellant, and that appellate counsel has appropriately advised
appellant of his right to review the record and file a response to counsel's motion and brief. 
Indeed, appellant has filed a pro se response to counsel's motion and brief. Appellant's
response urges that (1) the evidence was legally insufficient to sustain the conviction for
possession of cocaine, and (2) the evidence was factually insufficient to sustain the
conviction.

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109
S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991). In reviewing the record pursuant to appellate counsel's brief and appellant's pro se
response, we note that the two arresting police officers testified that they were
approximately 20 feet away from appellant when appellant looked up at them. Before he
saw the two uniformed officers, appellant's attention had been focused on something he
held in the palm of his hand. When appellant saw the policemen, he threw the object in
his hand down and started walking away. A small automobile was parked between
appellant and the officers, but both officers testified that they could see under the
automobile enough that they saw the object thrown by appellant hit the ground in front of
the rear tires of the automobile. One of the officers went directly to the object thrown by
appellant and picked it up. It was a small clear plastic bag containing 11 small rock-like
objects. The officer field-tested the substance and it turned out to be cocaine. The second
officer then arrested appellant. The officers gave appellant his Miranda warnings before
transporting appellant and the substance to the police station. A chemist from the Houston
Police Department crime laboratory testified that the laboratory further tested the
substance and it was indeed cocaine. 

 No evidence impeached the testimony of the arresting officers or the laboratory
chemist, although appellant's trial counsel challenged the credibility of the policemen by
arguing that they could not have seen what appellant discarded when it hit the ground
because of the automobile between appellant and the officers. Appellant did not testify. 

 When reviewing challenges to both the legal sufficiency and the factual sufficiency
of the evidence to support the verdict, we first review the legal sufficiency challenge. 
Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). The evidence is legally
sufficient if, after viewing the evidence in the light most favorable to the prosecution, a
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789,61 L.Ed.2d
560 (1979); Clewis, 922 S.W.2d at 132. 

 If the evidence is legally sufficient to support the verdict, we then review any factual
sufficiency challenge. Id. at 133. A factual sufficiency review of the evidence begins with
the presumption that the evidence supporting the jury's verdict was legally sufficient under
the Jackson test. Id. at 134. Factual sufficiency review is accomplished without viewing
the evidence through the prism of "in the light most favorable to the prosecution," as the
evidence is viewed in determining legal sufficiency. Id. The evidence is factually sufficient
to support the verdict if the verdict is not so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Id. Stated otherwise, the evidence is not
factually sufficient to support a conviction if the appellate court determines, after viewing
all the evidence, both for and against the finding in a neutral light, that the proof of guilt is
so obviously weak as to undermine the confidence in the jury's determination, or the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. See
Johnson v. State, 23 S.W.3d 1, 6-7 (Tex.Crim.App. 2000).

 The evidence before the jury clearly was both legally and factually sufficient to
support appellant's conviction. The officers' testimony as to directly observing appellant
throw the baggie of cocaine on the ground was not impeached by other testimony,
although it was questioned by attacks on the officers' credibility. Even had the testimonial
evidence required an evaluation of demeanor and credibility of witnesses, the jury is the
final judge of the weight of the evidence. See Cain v. State, 958 S.W.2d 404, 408-09
(Tex.Crim.App.1997). On appeal we do not disturb the jury's credibility determinations. 
Id. 

 We agree that the appeal presents no arguable grounds for reversal of the trial
court's judgment. Accordingly, counsel's Motion to Withdraw is granted. The judgment of
the trial court is affirmed.


 Phil Johnson

 Justice





Do not publish.



onducted
experiments by tossing rolled-up dollar bills and noting the distance that he could toss
them. (5) However, on cross-examination, Randall conceded that the physical properties of
the item thrown would affect its flight, that he did not experiment with objects shaped like
the baggies of crack cocaine, and that the eventual location of the cocaine would depend
on where the thrower actually was standing. Next, appellant points out that the video does
not show him tossing the objects, that there were numerous persons at the residence, and
that the only person visible on the video near the area where Officer Weems said he threw
the objects was a man later identified as Rashard Johnson. However, the video evidence
undermines appellant's claim that the time frame was too short for him to throw the objects
and be arrested on the other side of the driveway. Evidence showed that Johnson was
apprehended across the yard near the west side of the residence. If the time frame
permitted Johnson to reach the location at which he was arrested, the jury reasonably
could have concluded appellant also could have reached the other side of the driveway
after tossing the contraband. 

 Appellant also points us to the discrepancy regarding the belt buckle observed by
Officer Weems and a belt and buckle admitted into evidence. Officer Weems testified that
he was able to identify appellant in part by his large shiny belt buckle. Appellant's friend
testified she picked up appellant's possessions from the jail property room at his request. 
She produced a belt without a large buckle and identified it as the belt she picked up
among appellant's possessions. However, on cross-examination, the State established
that the witness had the belt in her possession for some time and brought it to court only
after hearing the evidence against appellant at trial. The jury was not required to accept
the suggestion that it was the same belt, or had the same buckle, as that worn by appellant
when he was arrested. (6) 

 Finally, appellant contends the facts in this case are similar to the facts in White v.
State, 890 S.W.2d 131 (Tex.App-Texarkana 1994, pet. ref'd). In White, the defendant was
convicted of possession with intent to deliver after officers found cocaine in a boat parked
in a vacant lot adjacent to the defendant's residence. Id. at 134. The Texarkana court
found the evidence to be factually insufficient to convict because the only evidence
connecting him to the contraband was the fact that "he and several other people were in
the lot." Id. at 139. Appellant contends that, as in White, the "countervailing evidence" in
the present case undermines the jury's verdict. We disagree.

 Here the evidence consists of more than just appellant's presence on the premises
where the drugs were found. Officer Weems' testimony identifying appellant as the person
he saw throw the drugs, augmented by appellant's close proximity to the area where the
drugs were found, support the jury's verdict. The contraband and large amount of cash
found on appellant's person also provide evidence supporting appellant's guilt. Taylor, 106
S.W.3d at 832. In this regard, the jury, as trier of fact, may choose to believe all, some,
or none of any witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.Crim.App.
1986). A jury's decision is not manifestly unjust merely because it resolved conflicting
views of evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410
(Tex.Crim.App. 1997). 

 After reviewing the entire record, we find the evidence indicating appellant
possessed cocaine with intent to deliver to be sufficient. Viewing the evidence in a neutral
light, we hold the jury was rationally justified in finding guilt beyond a reasonable doubt. 
Appellant's issue is overruled.

 Accordingly, the trial court's judgment is affirmed.


 James T. Campbell

 Justice


Do not publish. 
1. Appellant pled true to three enhancement paragraphs alleging prior felony
convictions for possession of controlled substances.
2. By its recent opinion in Evans v. State, No. PD-1911-05, 2006 WL 2686552, at *2 
(Tex.Crim.App. Sept. 20, 2006), the Court of Criminal Appeals has discontinued its use of
the term "affirmative links," stating that in the future it will refer to the indicia simply as
"links." 
3. Although appellant's argument analyzes the evidence through a "links" analysis,
this is not a typical case for such an analysis. Appellant's primary argument is not that his
proximity to the baggies of cocaine was fortuitous. His primary contention is that factually
insufficient evidence establishes he was the person Weems saw throw the baggies.
Appellant's brief makes the contention clear, beginning with the statement, "This is a case
of misidentification." By Weems' testimony, the cocaine was in appellant's exclusive
possession, being in his hand at the time he threw it. Cf. Deshong, 625 S.W.2d at 329
(links analysis necessary when defendant not in exclusive possession of place contraband
found).
4. He later said the man he saw toss the objects "was wearing a white muscle shirt,
black jean shorts, and he had a large shiny buckle on his belt."
5. Randall said he used the currency for his experiment because a dollar bill weighs
one gram. He combined five bills for his experiment, and said he was able to throw that
five-gram object about 30 to 35 feet. Randall also testified he measured distances
between some positions in the front yard of the residence. Although his testimony is not
clear on this point, it indicates Randall's opinion was that one of the baggies would have
traveled more than 40 feet if appellant had thrown it from where Weems said he saw him. 
 
6. Appellant's belt buckle is not visible on the video.